# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

RECEIVED
JAN 04 2007
H.O. Claims / Legal

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06-6613

Dr. Barry Shah
**Plaintiff**

Maryland Casualty Company; Zurich-American Insurance Company; and Zurich-American Insurance Company of Illinois **Defendant**

## *Summons*

SERVE:
A. Michael Marques, Director
Dept. of Business Regulations
233 Richmond Street
Providence, RI 02903

*To the above-named Defendant:* Zurich-American Insurance Company

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Michael J. Lepizzera, Jr. Plaintiff's attorney, whose address is 301 Metro Center Blvd., #102, Warwick, RI an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

12-22-06

CLERK

Dated: December 22, 2006

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06-6613

Dr. Barry Shah
**Plaintiff**

Maryland Casualty Company; Zurich-American Insurance Company; and Zurich-American Insurance Company of Illinois **Defendant**

## *Summons*

SERVE:
A. Michael Marques, Director
Dept. of Business Regulations
233 Richmond Street
Providence, RI 02903

*To the above-named Defendant:* Zurich-American Insurance Copmpany of Illinois

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Michael J. Lepizzera, Jr. Plaintiff's attorney, whose address is 301 Metro Center Blvd., #102, Warwick, RI an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

12-22-06

[signature]
CLERK

Dated:

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06-6613

Dr. Barry Shah
Plaintiff

Maryland Casualty Company; Zurich-American Insurance Company; and Zurich-American Insurance Company of Illinois
Defendant

## *Summons*

A. Michael Marques
Dept of Business Regulations
233 Richmond Street
Providence, RI 02903

*To the above-named Defendant:* Maryland Casualty Company

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Michael J. Lepizzera, Jr., Plaintiff's attorney, whose address is 301 Metro Center Blvd., #102, Warwick, RI an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

12-22-06

[signature]
CLERK

Dated: December 22, 2006

**(Seal of the Superior Court)**

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

Dr. Barry Shah
Plaintiff

vs.

C.A.No.: 06- 6613
**(Jury Trial Demanded)**

Maryland Casualty Company;
Zurich-American Insurance Company; and
Zurich-American Insurance Company
of Illinois

Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Dr. Barry Shah (hereinafter referred to as "Dr. Shah" or "Plaintiff"), hereby complains of the Defendants, Maryland Casualty Insurance ("MCI"), Zurich-American Insurance Company ("Zurich-American") and Zurich-American Insurance Company of Illinois ("Zurich-Illinois") (collectively referred to herein as the "Defendants") as follows:

## I. Parties

1. Dr. Shah, whose full name is Bahram Shah-Hosseini, is a medical doctor residing in the Town of Lincoln, State of Rhode Island.

2. Upon information and belief, MCI is a foreign corporation organized and formed under the laws of the State of Illinois authorized to conduct business in the State of Rhode Island. MCI is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company.

3. Upon information and belief, Zurich-American is a foreign corporation authorized to conduct business in the State of Rhode Island. Zurich-American is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company.

4. Upon information and belief, Zurich-Illinois is a foreign corporation authorized to conduct business in the State of Rhode Island. Zurich-Illinois is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company.

## II. Jurisdiction

5. The Superior Court possesses exclusive original jurisdiction over the instant matter since, *inter alia*, it involves an action at law in which the amount in controversy exceeds the sum of ten thousand dollars ($10,000.00) pursuant to R.I.G.L. § 8-2-14.

## III. Venue

6. Venue properly lies in the Providence County Superior Court since, *inter alia*, Dr. Shah resides therein.

## IV. Brief Statement of Facts

7. Back in December of 2004, Dr. Shah was an owner of the property located at 386 Atwells Avenue, Providence, Rhode Island.

8. Dr. Shah operated and conducted a medical practice at 386 Atwells Avenue, Providence, Rhode Island (hereinafter referred to as the "property" or the "premises").

9. Dr. Shah's livelihood and a source of his income were generated by operating a medical practice at the property.

10. The activities in operating a full fledged medical practice on the premises included but were not limited to: (i) examining and treating patients; (ii) maintaining an administrative staff; (iii) retention of records: and (iv) keeping necessary medical equipment on site.

11. Dr. Shah purchased an insurance policy from MCI, Zurich-American and Zurich-Illinois in 2004 to insure against potential risks and losses at the property where he conducted his medical practice. Upon information and belief, the Defendants issued Dr. Shah an insurance policy bearing policy number PAS 00223943 covering the time period from 12:01 am on November 1, 2004 to 12:01 am on November 1, 2005 (hereinafter referred to as the "policy").

12. Dr. Shah suffered a loss at the property on December 21, 2004 as a result pipes freezing and bursting in the midst of a cold winter night. The building located on the property sustained heavy water damage resulting in significant property damage to the building and the contents located therein. Dr. Shah was unable to operate a medical practice as a result of this water damage loss.

13. The policy issued by the Defendants covered the December 21, 2004 loss sustained by Dr. Shah including but not limited to the structural damage to the building, the damage to the property and contents located on the premises, loss of income and the interruption of Dr. Shah's business.

14 Dr. Shah has fully complied with the terms and conditions of the policy. Plaintiff timely notified the Defendants of the loss and fully cooperated with the insurer in their investigation of this particular loss.

15. The Defendants have acknowledged coverage for this loss under the policy by compensating Dr. Shah for damage to his building.

16. Notwithstanding, the Defendants have knowingly, intentionally and willfully refused without any reasonable basis in fact or law to timely compensate or otherwise make Dr. Shah whole for all his damages sustained as a result of the subject water loss. The Defendants have refused to compensate Dr. Shah for property damage, loss of contents, storage costs, loss of income and interruption of the medical practice.

17. Again, Dr. Shah has fully cooperated with his insurer in trying to resolve this claim but the insurer and its representatives have utterly failed to honor the terms of the policy or to deal with their insured fairly and in good faith.

**Count I**
**(Breach of Contract**
**on the part of MCI)**

18. Dr. Shah reincorporates and re-alleges paragraphs 1 through 17 of his Complaint as if fully set forth herein.

19. The facts set forth above constitute a breach of contract by defendant MCI.

20. As a direct and proximate result of MCI's breach of contract, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant MCI in Plaintiff's favor awarding Dr. Shah compensatory damages,

prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count II**
**(Breach of Contract on the part of Zurich-American)**

21. Dr. Shah reincorporates and re-alleges paragraphs 1 through 20 of his Complaint as if fully set forth herein.

22. The facts set forth above constitute a breach of contract by defendant Zurich-American.

23. As a direct and proximate result of Zurich-American's breach of contract, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-American in Plaintiff's favor awarding Dr. Shah compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count III**
**(Breach of Contract on the part of Zurich-Illinois)**

24. Dr. Shah reincorporates and re-alleges paragraphs 1 through 23 of his Complaint as if fully set forth herein.

25. The facts set forth above constitute a breach of contract by defendant Zurich-Illinois.

26. As a direct and proximate result of Zurich-Illinois' breach of contract, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-Illinois in Plaintiff's favor awarding Dr. Shah compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count IV**
**(Breach of Duty of Good Faith and Fair Dealing on the part of MCI)**

27. Dr. Shah reincorporates and re-alleges paragraphs 1 through 26 of his Complaint as if fully set forth herein.

28. MCI owed Dr. Shah a duty to act in good faith and to deal fairly in the administration of his water damage claim.

29. The facts laid out above set forth a cause of action against MCI for a breach of the duty of good faith and fair dealing read into every Rhode Island insurance contract.

30. As a direct and proximate result of said breach, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant MCI in Plaintiff's favor awarding Dr. Shah compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count V**
**(Breach of Duty of Good Faith and Fair Dealing on the part of Zurich-American)**

31. Dr. Shah reincorporates and re-alleges paragraphs 1 through 30 of his Complaint as if fully set forth herein.

32. Zurich-American owed Dr. Shah a duty to act in good faith and to deal fairly in the administration of his water damage claim.

33. The facts laid out above set forth a cause of action against Zurich-American for a breach of the duty of good faith and fair dealing read into every Rhode Island insurance contract.

34. As a direct and proximate result of said breach, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-American in Plaintiff's favor awarding Dr. Shah compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count VI**
**(Breach of Duty of Good Faith and Fair Dealing on the part of Zurich-Illinois)**

35. Dr. Shah reincorporates and re-alleges paragraphs 1 through 34 of his Complaint as if fully set forth herein.

36. Zurich-Illinois owed Dr. Shah a duty to act in good faith and to deal fairly in the administration of his water damage claim.

37. The facts laid out above set forth a cause of action against Zurich-Illinois for a breach of the duty of good faith and fair dealing read into every Rhode Island insurance contract.

38. As a direct and proximate result of said breach, Dr. Shah has suffered damages in an amount to be proven at the time of trial.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-Illinois in Plaintiff's favor awarding Dr. Shah compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count VII**
**(R.I.G.L. § 9-1-33 - MCI's Bad Faith)**

39. Dr. Shah reincorporates and re-alleges paragraphs 1 through 38 of his Complaint as if fully set forth herein.

40. MCI owed Dr. Shah a duty to act in good faith and to deal fairly with their policyholder. This duty to act in good faith required the insurer to act fairly and reasonably in the administration of their policyholder's water damage claim.

41. MCI breached this duty to act in good faith by failing to timely compensate Dr. Shah for his losses.

42. The facts set forth herein constitute a violation of R.I.G.L. § 9-1-33 - otherwise known as a bad faith claim - on the part of MCI.

43. As a direct and proximate result of said violation, Dr. Shah has suffered damages in an amount to be proven at the time of trial. The damages allowable for a bad faith claim include not only compensatory damages but also entitle the insured to an award of punitive damages and reasonable attorney's fees.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant MCI in Plaintiff's favor awarding Dr. Shah compensatory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count VIII**
**(R.I.G.L. § 9-1-33 - Zurich-American's Bad Faith)**

44. Dr. Shah reincorporates and re-alleges paragraphs 1 through 43 of his Complaint as if fully set forth herein.

45. Zurich-American owed Dr. Shah a duty to act in good faith and to deal fairly with their policyholder. This duty to act in good faith required the insurer to act fairly and reasonably in the administration of their policyholder's water damage claim.

46. Zurich-American breached this duty to act in good faith by failing to timely compensate Dr. Shah for his losses.

47. The facts set forth herein constitute a violation of R.I.G.L. § 9-1-33 - otherwise known as a bad faith claim - on the part of Zurich-American.

48. As a direct and proximate result of said violation, Dr. Shah has suffered damages in an amount to be proven at the time of trial. The damages allowable for a bad faith claim include not only compensatory damages but also entitle the insured to an award of punitive damages and reasonable attorney's fees.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-American in Plaintiff's favor awarding Dr. Shah compensatory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count IX**
**(R.I.G.L. § 9-1-33 - Zurich Illinois' Bad Faith)**

49. Dr. Shah reincorporates and re-alleges paragraphs 1 through 43 of his Complaint as if fully set forth herein.

50. Zurich-Illinois owed Dr. Shah a duty to act in good faith and to deal fairly with their policyholder. This duty to act in good faith required the insurer to act fairly and reasonably in the administration of their policyholder's water damage claim.

51. Zurich-Illinois breached this duty to act in good faith by failing to timely compensate Dr. Shah for his losses.

52. The facts set forth herein constitute a violation of R.I.G.L. § 9-1-33 - otherwise known as a bad faith claim - on the part of Zurich-Illinois.

53. As a direct and proximate result of said violation, Dr. Shah has suffered damages in an amount to be proven at the time of trial. The damages allowable for a bad faith claim include not only compensatory damages but also entitle the insured to an award of punitive damages and reasonable attorney's fees.

WHEREFORE, Dr. Barry Shah respectfully requests that judgment enter against defendant Zurich-Illinois in Plaintiff's favor awarding Dr. Shah compensatory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count X**
**(R.I.G.L. § 9-1-45 Attorney's Fees - MCI)**

54. Dr. Shah reincorporates and re-alleges paragraphs 1 through 53 of his Complaint as if fully set forth herein.

55. Rhode Island law permits an award of reasonable attorney's when either a default enters in a contract action or there is a complete absence of justiciable issues of fact or law in a contract dispute. R.I.G.L. § 9-1-45.

56. MCI has no defense to this action and Dr. Shah has made all reasonable efforts to resolve this claim without the need for litigation.

**Count XII**
**(R.I.G.L. § 9-1-45 Attorney's Fees – Zurich-Illinois)**

61. Dr. Shah reincorporates and re-alleges paragraphs 1 through 60 of his Complaint as if fully set forth herein.

62. Rhode Island law permits an award of reasonable attorney's when a default enters in a contract action or there is a complete absence of justiciable issues of fact or law in a contract dispute. R.I.G.L. § 9-1-45.

63. Zurich-Illinois has no defense to this action and Dr. Shah has made all reasonable efforts to resolve this claim without the need for litigation.

WHEREFORE, Dr. Shah respectfully requests that judgment be entered against Zurich-Illinois in his favor awarding plaintiff reasonable attorney's fees incurred to prosecute this action.

**JURY TRIAL DEMAND**

Plaintiff, Dr. Barry Shah, hereby demands a trial by jury on all issues so triable and designates Michael J. Lepizzera, Jr. and Christian C. Potter as his trial counsel.

**Michael J. Lepizzera, Jr.**

**Christian C. Potter**

Respectfully submitted,
Plaintiff, Dr. Barry Shah,
By and through his attorneys,

Lepizzera · Laprocina
Michael J. Lepizzera, Jr. #4995
Christian C. Potter #5359
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950