**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DR. BARRY SHAH,
Plaintiff

v. C.A. No. 07-016 ML

MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS,
Defendants

**DEFENDANT'S ANSWER**

Defendant, Maryland Casualty Company (also improperly named as Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois),[1] hereby answers the allegations in Plaintiff's Complaint as follows:

1. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Defendant admits that Maryland Casualty Company is a foreign corporation, that it is authorized to conduct business in the State of Rhode Island and that it is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company. Defendants deny that Maryland Casualty Company is "organized and formed under the laws of the State of Illinois."

3. Admitted, except that Defendant denies that Zurich-American Insurance Company was properly named as a defendant.

[1] To the extent that an answer is required on behalf of the improperly named defendants, this answer is also being filed on their behalf.

4. Admitted, except that Defendant denies that Zurich-American Insurance Company of Illinois was properly named as a defendant.

5. Defendant avers that the allegations set forth in Paragraph 5 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, the allegations of Paragraph 5 are denied.

6. Admitted insofar as Providence, Rhode Island was a proper venue for this action when filed in Superior Court. Plaintiff is left to his proof on the remaining allegations contained in Paragraph 6, as Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations asserted.

7. Admitted.

8. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. Defendant admits that Dr. Shah purchased an insurance policy from Maryland Casualty Company in 2004 and that Maryland Casualty Company issued Dr. Shah an insurance policy bearing policy number PAS 00223943 covering the time period from 12:01 am on November 1, 2004 to 12:01 am on November 1, 2005 (the "Policy"), insuring certain property against risk of direct physical loss or damage, subject to the terms, limitations, conditions and exceptions set forth in said Policy. Defendant denies that Dr. Shah purchased the aforementioned policy of insurance from Zurich-

American Insurance Company or Zurich-American Insurance Company of Illinois. Defendant denies the remaining allegations contained in Paragraph 11 and avers that the Policy speaks for itself.

12. Defendant admits that there was certain damage to certain of Plaintiff's property on December 21, 2004 as a result of pipes freezing and bursting. Defendant lacks sufficient knowledge to form a belief as to those allegations contained in Paragraph 12 which state that, "[t]he building located on the property sustained heavy water damage resulting in significant property damage to the building and the contents located therein." Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant admits that Maryland Casualty Company issued a policy of insurance to the Plaintiff that covered certain damages to property subject to the terms, conditions and exclusions contained in the Policy, which speaks for itself. Defendant denies the remaining allegations as phrased.

14. Denied.

15. Admitted insofar as Defendant, Maryland Casualty Company, compensated Dr. Shah for certain damage sustained to his building after a claim was made under the Policy by Dr. Shah and an appropriate investigation was performed. The remaining allegations contained in Paragraph 15 are denied.

16. Denied.

17. Denied.

**Count I**
**(Breach of Contract**
**on the part of MCI)**

18. Defendant repeats and realleges Paragraphs 1-17 of this Answer as if fully set forth herein.

19. Denied.

20. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count II**
**(Breach of Contract**
**on the part of Zurich-American)**

21. Defendant repeats and realleges Paragraphs 1-20 of this Answer as if fully set forth herein.

22. Denied.

23. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count III**
**(Breach of Contract**
**on the part of Zurich-Illinois**

24. Defendant repeats and realleges Paragraphs 1-23 of this Answer as if fully set forth herein.

25. Denied.

26. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count IV**
**(Breach of Duty of Good Faith and Fair Dealing on the part of MCI)**

27. Defendant repeats and realleges Paragraphs 1-26 of this Answer as if fully set forth herein.

28. Defendant avers that the allegations set forth in Paragraph 28 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, Defendant admits that under Rhode Island law, Maryland Casualty Company owed Dr. Shah a duty to act in good faith and deal fairly. Defendant denies, as phrased, the remaining allegations contained in Paragraph 28.

29. Denied.

30. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count V**
**(Breach of Good Faith and Fair Dealing on the part of Zurich-American)**

31. Defendant repeats and realleges Paragraphs 1-30 of this Answer as if fully set forth herein.

32. Defendant avers that the allegations set forth in Paragraph 32 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, the allegations contained in Paragraph 32 are denied in that Zurich-

American Insurance Company owed no such duty because it was not an insurer of the Plaintiff.

33. Denied.

34. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count VI**
**(Breach of Good Faith and Fair Dealing on the part of Zurich-Illinois)**

35. Defendant repeats and realleges Paragraphs 1-34 of this Answer as if fully set forth herein.

36. Defendant avers that the allegations set forth in Paragraph 36 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, the allegations contained in Paragraph 36 are denied in that Zurich-American Insurance Company of Illinois owed no such duty because it was not an insurer of the Plaintiff.

37. Denied.

38. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count VII**
**(R.I.G.L. § 9-1-33 – MCI's Bad Faith)**

39. Defendant repeats and realleges Paragraphs 1-38 of this Answer as if fully set forth herein.

40. Defendant avers that the allegations set forth in Paragraph 40 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, Defendant admits that under Rhode Island law, Maryland Casualty Company owed Dr. Shah a duty to act in good faith and deal fairly. Defendant denies, as phrased, the remaining allegations contained in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count VIII**
**(R.I.G.L. § 9-1-33 – Zurich-American's Bad Faith)**

44. Defendant repeats and realleges Paragraphs 1-43 of this Answer as if fully set forth herein.

45. Defendant avers that the allegations set forth in Paragraph 45 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, the allegations contained in Paragraph 45 are denied in that Zurich-American Insurance Company owed no such duty because it was not an insurer of the Plaintiff.

46. Denied.

47. Denied.

48. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count IX**
**(R.I.G.L. § 9-1-33 – Zurich-Illinois' Bad Faith)**

49. Defendant repeats and realleges Paragraphs 1-48 of this Answer as if fully set forth herein.

50. Defendant avers that the allegations set forth in Paragraph 50 call for a legal conclusion to which no response is required. To the extent that a response thereto is required, the allegations contained in Paragraph 50 are denied in that Zurich-American Insurance Company of Illinois owed no such duty because it was not an insurer of the Plaintiff.

51. Denied.

52. Denied.

53. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count X**
**(R.I.G.L. § 9-1-45 – Attorney's fees – MCI)**

54. Defendant repeats and realleges Paragraphs 1-53 of this Answer as if fully set forth herein.

55. Defendant avers that the allegations contained in Paragraph 55 call for a legal conclusion in that the statute, R.I.G.L. § 9-1-45, speaks for itself. To the extent that a response is required, Defendant admits that R.I.G.L. § 9-1-45 provides that "[t]he court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court: (1) Finds that there was a complete

absence of a justiciable issue of either law or fact raised by the losing party; or (2) Renders a default judgment against the losing party."

56. Denied.

57. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count XI**
**(R.I.G.L. § 9-1-45 – Attorney's Fees – Zurich-American)**

58. Defendant repeats and realleges Paragraphs 1-57 of this Answer as if fully set forth herein.

59. Defendant avers that the allegations contained in Paragraph 59 call for a legal conclusion in that the statute, R.I.G.L. § 9-1-45, speaks for itself. To the extent that a response is required, Defendant admits that R.I.G.L. § 9-1-45 provides that "[t]he court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court: (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or (2) Renders a default judgment against the losing party."

60. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**Count XII**
**(R.I.G.L. § 9-1-45 – Attorney's Fees – Zurich-Illinois)**

61. Defendant repeats and realleges Paragraphs 1-60 of this Answer as if fully set forth herein.

62. Defendant avers that the allegations contained in Paragraph 62 call for a legal conclusion in that the statute, R.I.G.L. § 9-1-45, speaks for itself. To the extent that a response is required, Defendant admits that R.I.G.L. § 9-1-45 provides that "[t]he court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court: (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or (2) Renders a default judgment against the losing party."

63. Denied.

To the extent a response to the "WHEREFORE" clause is deemed required, the allegations stated in the WHEREFORE clause are denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims against the Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy. Specifically, the Policy contains the following language:

We will not pay for loss or damage caused by or resulting from any of the following:

f. Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:

(1) You do your best to maintain heat in the building or structure; or
(2) You shut off the supply if the heat is not maintained.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims against the Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy. Specifically, the Policy contains the following language:

The following items are Covered Property in this policy if shown in the Declarations along with a Limit of Insurance.

E. Personal Property

1. Personal Property located in, on or within 1000 feet of the "described premises" including:

a. Business personal property owned by you and used in your business;

b. Personal property of others in your care, custody or control, including the costs of labor, materials or services furnished or arranged by you on that property;

c. Leased personal property which you have a contractual

responsibility to insure; and

d. "Improvements and betterments".

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy. Specifically, the Policy contains the following language:

1. In the event of loss or damage to Covered Property, you must:

   a. Notify the police if a law may have been broken.

   b. Give us prompt notice of the loss or damage. Include a description of the property involved.

   c. As soon as possible, give us a description of how, when and where the loss or damage occurred.

   d. Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. Also, if feasible, set the damaged property aside and in the best possible order for examination.

   e. At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

   f. As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

   g. Send us a signed sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

   h. Cooperate with us in the investigation or settlement of the claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy. Specifically, the Policy contains the following language:

A. Business Income and Extra Expense

We will pay for the actual loss of "business income" you sustain due to the necessary suspension of "operations" during the "period of restoration," but not to exceed 12 consecutive months. The suspension must be caused by direct physical loss of or damage to property at the "described premises," including personal property in the open, or in a vehicle, within 1000 feet, caused by or resulting from a Covered Cause of Loss.

We will also pay necessary "extra expense" you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to such property caused by or resulting from a Covered Cause of Loss.

* * *

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are barred, in whole or in part, to the extent the Defendant, Maryland Casualty Company, has paid to the Plaintiff the amounts due under the terms, conditions, limitations and exclusions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against the improperly named Defendants, Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois, insofar as the Plaintiff's Complaint fails to state a claim against either of these improperly named Defendants upon which relief may be granted.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38, the Defendants hereby demand a jury trial on all claims so triable.

MARYLAND CASUALTY COMPANY
(Improperly named as ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By Their Attorneys:

/s/ Dana M. Horton
Dana M. Horton, of
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: dhorton@rc.com
RI Bar No. 6251

Dated: February 21, 2007

**Certificate of Service**

I hereby certify that on February 21, 2007, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
RI Bar No. 4995
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251