UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DR. BARRY SHAH, | : | |
| | : | |
| Plaintiff | : | C.A. NO.: 07-016 ML |
| v. | : | |
| | : | |
| MARYLAND CASUALTY COMPANY, | : | |
| ZURICH-AMERICAN INSURANCE | : | |
| COMPANY AND ZURICH-AMERICAN | : | MARCH 30, 2007 |
| INSURANCE COMPANY OF ILLINOIS, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S STATEMENT OF CLAIMS**

The Defendant, Maryland Casualty Company (improperly named as Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois), hereby submits its Statement of Claims, pursuant to Local Rule CV 16 (c).

By way of his Complaint, the plaintiff claims that the defendant has failed to properly and adequately compensate him for damages and losses allegedly sustained to his property as a result of water damage on or about December 21, 2004. Specifically, he claims to have sustained damages to his building and contents, as well as a loss of business income and an interruption of his business practice as a result of this loss. In his twelve count complaint, plaintiff alleges breach of contract, breach of the duty of good faith and fair dealing, violation of R.I.G.L. § 9-1-33 and violation of R.I.G.L. § 9-1-45.

The defendant denies the plaintiff's claims and raises six affirmative defenses. The first four affirmative defenses are based upon the position that the plaintiff's claims

are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy.

Specifically, the defendant's First Affirmative Defense asserts that the Plaintiff's claims are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy pertaining to the maintenance of heat in the building.

The defendant's Second Affirmative Defense asserts that the Plaintiff's claims are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy pertaining to the actual use of the personal property claimed damaged by the plaintiff in the course of his business.

The defendant's Third Affirmative Defense asserts that the Plaintiff's claims are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy pertaining to the Plaintiff's compliance with policy provisions, including but not limited to, the duty to (1) mitigate damages, (2) submit a proof of loss and supplements thereto (where necessary) and (3) take reasonable steps to protect the covered property from further damage,

The defendant's Fourth Affirmative Defense asserts that the Plaintiff's claims are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the Policy pertaining to

the business income and extra expense claims. Upon information and belief, no such claims were previously formally presented to the defendant. Moreover, upon information and belief, the plaintiff was not conducting business in the building at the time of the incident, or for a considerable time prior thereto. As such, the defendant submits that there is no coverage available in this case for business income/interruption.

The fifth affirmative defense asserts that the plaintiff's claims are barred to the extent that he has already been paid amounts due to him pursuant to the terms, conditions, limitations and exclusions of the Policy. Specifically, the plaintiff, by and through his public adjuster, submitted a proof of loss with regard to the damages he claimed to have sustained to his building and its contents. Thereafter, the plaintiff was paid amounts due under the terms, conditions, limitations and exclusions of the Policy. Based upon the allegations contained in his Complaint, however, it appears as if the plaintiff is seeking recovery of additional funds for damages sustained to his building and its contents that were, upon information and belief, either never presented to the defendant or never resubmitted/demanded after the initial payments for "undisputed" losses were received.

The sixth affirmative defense asserts that the plaintiff has failed to state a claim upon which relief may be granted as to Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois. The properly named defendant, Maryland Casualty Company, was the underwriting entity that issued the applicable policy of insurance to the plaintiff. Maryland Casualty Company is part of the Zurich insurance company entity, as are the improperly named entities, Zurich-American

Insurance Company and Zurich-American Insurance Company of Illinois. Neither Zurich-American Insurance Company nor Zurich-American Insurance Company of Illinois issued the policy at issue in this case. As such, they are improperly named defendants.

THE DEFENDANT
MARYLAND CASUALTY COMPANY (IMPROPERLY NAMED AS ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By __/s/ Dana M. Horton________

Dana M. Horton, Esq.
dhorton@rc.com
RI Bar No. 6251
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8295 (Telephone)
(860) 275-8299 (Facsimile)

**Certificate of Service**

I hereby certify that on March 30, 2007, a copy of the foregoing Defendant's Statement of Claims was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
RI Bar No. 4995
Christian C. Potter, Esq.
RI Bar No. 5359
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251