UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Dr. Barry Shah
Plaintiff

vs. C.A.No.: 07-016 ML

Maryland Casualty Company;
Zurich-American Insurance Company; and
Zurich-American Insurance Company
of Illinois

Defendants

**PLAINTIFF'S STATEMENT OF CLAIM**

Now comes the plaintiff, Dr. Barry Shah, and pursuant to Local Rule CV 16(c) hereby submits his Statement of Claim.

The plaintiff, Dr. Shah, was the owner of a piece of property located at 386 Atwells Avenue, Providence, Rhode Island. During his ownership of the property, Dr. Shah operated and conducted his medical practice in the building. Dr. Shah's livelihood and main source of income was generated by operating his medical practice at the property. More specifically, Dr. Shah examined and treated patients at the property, he maintained an administrative staff, he retained his client's medical records at the property and operated and stored the necessary medical equipment to operate his practice at the property.

Dr. Shaw had purchased an insurance policy from Maryland Casualty Company, Zurich American Insurance Company and Zurich American Insurance Company of Illinois (hereinafter the "defendants") in 2004 to insure against any potential risks and

losses at the property where he conducted his medical practice. The insurance policy was issued by same bearing policy number PAS 00223943 with an effective time period from 12:01 a.m. on November 1, 2004 to 12:01 a.m. on November 1, 2005 (hereinafter referred to as the "policy").

On or about December 21, 2004, Dr. Shah suffered a loss at the property as a result of the pipes freezing and bursting in the midst of a cold winter night. The building that he used to operate his practice sustained heavy water damage resulting in significant property damage to the building and the contents therein. Dr. Shah's medical practice was essentially shut down as a result of this water damage.

The policy issued by the defendants covered the loss sustained by Dr. Shah and included coverage for the structural damage to the building, the damage to the property, the contents located on the premises and the interruption of Dr. Shah's medical practice.

At all time relevant to the investigation of the claim, Dr. Shah has fully complied with the terms and conditions of the policy and he has also fully cooperated with the defendants' investigation of the loss. The defendants have acknowledged coverage for the loss sustained by Dr. Shah. The defendants have compensated Dr. Shah for the damage to the building. However, the defendants have knowingly, intentionally, and willfully refused without any reasonable basis in fact or law to timely compensate or otherwise make Dr. Shah whole for all of his damages that he sustained as a result of the loss.

Dr. Shah has brought this complaint alleging the following against the defendants: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) bad faith; and (4) attorneys fees.

In order to prevail on his claims for breach of contract, Dr. Shah must prove the following: (1) the existence of the insurance policy with the defendants; (2) the existence of actual losses; (3) the losses suffered are covered by the insurance policy; and (4) the defendants have failed to compensate Dr. Shah for the losses. Dr. Shah will be able to prove these elements and establish that the defendants have in fact breached the terms of the insurance policy.

In order to prevail on his claims for breach of duty and good faith and fair dealing, Dr. Shah must prove the following: (1) the defendants owed Dr. Shah a duty to act in good faith and to deal fairly in the administration of his water damage claim; (2) the defendants failed to act in good faith and to deal fairly in the administration of his water damage claim; and (3) the defendants' breach of this duty has caused Dr. Shah to suffer additional damages. Dr. Shah will be able to prove these elements and establish that the defendants have in fact breached their duty of good faith and fair dealing.

In order to prevail on his claims for bad faith pursuant to R.I.G.L. § 9-1-33, Dr. Shah must prove that the defendants wrongfully and in bad faith refused to timely compensate Dr. Shah for the losses that he sustained at the property and/or that the defendants in bad faith failed to timely perform their obligations under the insurance policy. Pursuant to R.I.G.L. § 9-1-33, Dr. Shah will be entitled to punitive damages as well as attorney's fees.

In order to prevail on his claims for attorney's fees pursuant to R.I.G.L. § 9-1-45, Dr. Shah must prove that there was a complete absence of a justiciable issue of either law or fact by the defendants.

Plaintiff, Dr. Barry Shah
By and through his Counsel
/s/ Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. #4995
Mlepizzera@lldlawyers.com
/s/ Christian C. Potter
Christian C. Potter, #5359
Cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

**CERTIFICATION**

I certify that on this 30th day of March 2007 a true and accurate copy of the within was filed electronically and it is available for viewing and downloading from the ECF System. Further I certify that that the undersigned were served with a copy of said motion electronically:

Dana Horton #6251.
dhorton@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8295 (Telephone)
(860) 275-8299 (Facsimile)

/s/ Christian C. Potter