**C**

LaPlante v. OneBeacon Ins. Group
D.R.I.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Rhode Island.
James P. LAPLANTE
v.
ONEBEACON INSURANCE GROUP
**No. Civ.A.05-496.**

Oct. 20, 2006.

Keven A. McKenna, McKenna Law, Providence, RI, for James P. LaPlante.
C. Russell Bengtson, Carroll, Kelly & Murphy, Providence, RI, for OneBeacon Insurance Group.

*Memorandum and Order*

LISI, J.
***1** This matter is before the Court on the motion for summary judgment [FN1] filed by Defendant, OneBeacon Insurance Group, and the motions for remand and summary judgment filed by Plaintiff, James P. LaPlante. For the reasons set forth below, Defendant's motion for summary judgment is granted and Plaintiff's motion for remand and his motion for summary judgment are denied.

FN1. Defendant initially filed a motion to dismiss. Because Defendant attached exhibits to its motion papers, the Court, at oral argument, advised the parties that it would, pursuant to Fed.R.Civ.P. 12(b)(6), treat the motion to dismiss as one for summary judgment. Both parties were given an opportunity to supplement their pleadings.

*I. Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational factfinder could resolve the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law."*Nat'l Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995). Cross motions for summary judgment "simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed."*Barnes v. Fleet Nat'l Bank, N.A.,* 370 F.3d 164, 170 (1st Cir.2004) (internal quotation marks and citation omitted).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. *Nat'l Amusements,* 43 F.3d at 735. Once the movant has made the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."Fed.R.Civ.P. 56(e). The Court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Universal Ins. Co.,* 924 F.2d 370 (1st Cir.1991). The legal standard for summary judgment is not changed when parties file cross motions for summary judgment. *Adria International Group, Inc. v. Ferre Development, Inc.,* 241 F.3d 103 (1st Cir.2001)."The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Bienkowski v. Northeastern University,* 285 F.3d 138, 140 (1st Cir.2002) (internal quotation marks and citation omitted).

*II. Facts*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Notwithstanding Plaintiff's attempt to muddy the waters, the relevant and material facts FN2 are not in dispute. OneBeacon Insurance Group *LLC* (" OneBeacon") is a limited liability company formed in the state of Delaware with a principal place of business in Boston, Massachusetts. OneBeacon is a holding company, the sole purpose of which is to own various incorporated insurance companies. OneBeacon does not directly sell or underwrite insurance or collect insurance premiums.

FN2. Local Rule Cv 56 provides that in addition to a memorandum of law, the moving party in a motion for summary judgment shall also file a statement of undisputed facts. D.R.I. LR Cv 56(a)(1). Each "fact" in this statement *"shall* be set forth in a separate, numbered paragraph and *shall* identify *the evidence establishing that fact, including the page and line of any document to which reference is made,* unless opposing counsel has expressly acknowledged that the fact is undisputed." *Id.* at (a)(2) (emphasis added). Plaintiff's statement of undisputed facts is a nine page document containing 54 "fact" statements. The majority of Plaintiff's " facts" do not include any reference identifying the evidence establishing that fact. "Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law, and they are binding upon the litigants and upon the court itself[.]"*Air Line Pilots Ass'n v. Precision Valley Aviation Inc.,* 26 F.3d 220, 224 (1st Cir.1994) (citations and footnote omitted). In addition to Plaintiff's failure to follow the local rule, the majority of his "facts" are in actuality "speculation, generalities, conclusory assertions [and] improbable inferences...."*Linder v. Myers,* 233 F.R.D. 81, 82 (D.P.R.2005) (internal quotation marks and citation omitted). In so far as Plaintiff's "facts" are not properly supported and not admitted by Defendant, Plaintiff's failure to comply with the local rule results in this Court adopting the facts provided by Defendant's response to Plaintiff's statement of undisputed facts. Additionally, Plaintiff did not respond to Defendant's statement of undisputed facts. " [A]ny fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion."D.R.I. LR Cv 56(a)(3).

OneBeacon owns York Insurance Company of Maine ("York"). York is incorporated and has its principal place of business in the state of Maine. York is a wholly owned subsidiary of OneBeacon *America Insurance Company,* a Massachusetts corporation, which is a wholly owned subsidiary of OneBeacon *Insurance Company,* a Pennsylvania corporation, which is, in turn, a wholly owned subsidiary of OneBeacon. York is actively engaged in the business of writing insurance policies. Prior to October 2001, York was known as Commercial Union York Insurance Company or CU York Insurance Company.

***2** OneBeacon insurance company subsidiaries use the trade name of "OneBeacon Insurance" or " OneBeacon Insurance Group" as a method of referring to all of the insurance companies owned by OneBeacon. All insurance policies issued by companies owned by OneBeacon clearly state which company owned by OneBeacon is the actual issuing company for the particular insurance policy. OneBeacon Insurance Company handles the adjustment of claims for York.

On February 23, 2003, Plaintiff was involved in an automobile accident in Rhode Island. The vehicle which he was driving was covered for liability and uninsured motorist coverage under an automobile policy issued by CU York Insurance Company to Plaintiff and Corrina Brown ("Brown") at their listed home address in Quechee, Vermont. The name "OneBeacon Insurance," with a lighthouse logo, appears in the upper right hand corner of the pages of the insurance policy. Insurance identification cards were issued to Plaintiff and Brown at the time the insurance policy was issued. The cards list CU York Insurance Company as the company providing insurance to Plaintiff. A change

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

endorsement to the policy was issued on November 17, 2002. As a result of the change, Plaintiff and Brown were forwarded new insurance identification cards for their insured vehicles because the name of CU York Insurance Company had been changed to York Insurance Company of Maine. The vehicle that was involved in the accident underlying this action was added to the insurance policy in December 2002. The identification card for the vehicle listed York as the company providing insurance coverage.

### *III. Analysis*

This matter is based upon a rather unusual set of circumstances set in motion as a result of Plaintiff's persistence in naming an improper party defendant in an attempt to defeat federal jurisdiction and avail himself of a purported application of Rhode Island law. Stripped down to its essential factual elements, this is an insurance contract dispute between an insured and insurer. Plaintiff attempts to bring suit against a "party" [FN3] with which he has absolutely no privity of contract. It appears that Plaintiff's obstinacy in naming the wrong party defendant is a misguided maneuver to return to the Rhode Island Superior Court where he intends to argue that Rhode Island law permitting "stacking" of insurance coverages must be applied to the underlying dispute.

FN3. Plaintiff readily admits that " OneBeacon Insurance Group is a registered trademark."Plaintiff's Statement of Undisputed Facts at ¶ 17.

The Court need look no further than to the undisputed facts to resolve these motions. The Court now makes unequivocally clear what Plaintiff has attempted to obfuscate. OneBeacon Insurance Group *LLC* is a limited liability company whose sole purpose is to own various separately incorporated insurance companies. OneBeacon Insurance Group *LLC* owns York. York is a *separate* corporation actively engaged in the business of writing insurance policies. York is incorporated in the state of Maine and has its principal place of business in Maine. At the time of Plaintiff's automobile accident, the vehicle he was driving was insured by York. The parties to the insurance contract were Plaintiff and Brown as the insureds, and York as the insurer. There is simply no question that the policy of insurance and endorsements under which Plaintiff makes his claim were issued by York or its predecessor, CU York Insurance Company. Consequently, York is the proper party defendant to this action.

***3** 28 U.S.C. § 1332 provides that the District Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1)."[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."*Id.* at (c)(1). Plaintiff has claimed damages in the amount of $920,000.

It is readily apparent from the papers filed in this matter that OneBeacon has consistently defended this action as OneBeacon Insurance Group *LLC,* maintaining the position that there is no legal entity titled OneBeacon Insurance Group. OneBeacon is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *Pramco, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir.2006). OneBeacon has asserted, and Plaintiff has not disputed, that the sole member of OneBeacon is Fund American Companies, Inc., a Delaware corporation with its principal place of business in Massachusetts. Viewing the facts in the light most favorable to Plaintiff, it appears Plaintiff claims to be a resident of Vermont and/or Rhode Island. Consequently complete diversity exists between OneBeacon and Plaintiff. More importantly, diversity also exists between Plaintiff and the proper party defendant, York. As noted above, Plaintiff's action names an improper defendant. Plaintiff has refused Defendant's previous offer to substitute York. That decision has proved fatal at this stage in the proceedings. Because OneBeacon Insurance Group is not the proper party defendant to this action, OneBeacon's motion for summary judgment must be granted.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*IV. Conclusion*

For the above reasons, the motion of Defendant for entry of summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.[FN4] Plaintiff's motion for remand is DENIED.

FN4. The Court has reviewed Plaintiff's arguments supporting his motion for summary judgment and deems them to be without merit.

SO ORDERED

D.R.I.,2006.
LaPlante v. OneBeacon Ins. Group
Slip Copy, 2006 WL 3004750 (D.R.I.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.