**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DR. BARRY SHAH, Plaintiff, | |
| v. | C.A. No. 07-016 ML |
| MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS, Defendants. | |

**DEFENDANT'S RULE 12.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In accordance with Rule 12.1, Defendant Maryland Casualty Company (also improperly named as Zurich American Insurance Company and Zurich-American Insurance Company of Illinois), hereby submits the following Statement of Material Facts Not In Dispute, in conjunction with its Motion for Partial Summary Judgment and Memorandum of Law in Support thereof, filed on even date herewith.

MARYLAND CASUALTY COMPANY
(Improperly named as ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By Their Attorneys:

/s/ Dana M. Horton
Dana M. Horton, of
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: dhorton@rc.com
RI Bar No. 6251

Dated: November 1, 2007

## Certificate of Service

I hereby certify that on November 1, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
mlepizzera@lldlawyers.com
RI Bar No. 4995
Christian Potter, Esq.
cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DR. BARRY SHAH,<br>Plaintiff,<br><br>v.<br><br>MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS,<br>Defendants. | : | C.A. No. 07-016 ML |

**DEFENDANT'S[1] RULE 12.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. As of December 21, 2004, Plaintiff was an owner of certain property located at 386 Atwells Avenue, Providence, Rhode Island ("Property"). (Complaint, ¶ 7; admitted in Defendant's Answer).

2. Maryland Casualty Company is a foreign corporation authorized to conduct business in the State of Rhode Island and is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company. (Complaint, ¶ 2; admitted in part in Defendant's Answer).

3. Zurich American Insurance Company is a foreign corporation authorized to conduct business in the State of Rhode Island and is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company. (Complaint, ¶ 3; admitted in Defendant's Answer).

[1] Defendant Maryland Casualty Company is also improperly named in this action as Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois. References to "Defendant" are meant to include all three entities. Similarly, this Statement of Material Facts Not in Dispute is being filed on behalf of all three named entities.

4. Zurich-American Insurance Company of Illinois is a foreign corporation authorized to conduct business in the State of Rhode Island and is licensed by the Rhode Island Department of Business Regulation to conduct business in the State of Rhode Island as a property and casualty insurance company. (Complaint, ¶ 4; admitted in Defendant's Answer).

5. At some time prior to December 21, 2004, Maryland Casualty Company ("MCC") issued a Commercial General Liability and Building and Personal Property Policy to Plaintiff with regard to the Property, bearing policy number PAS 00223943, with effective dates of November 1, 2004 through November 1, 2005 ("Policy"). (Defendant's Answer, ¶ 11; *see also* Affidavit of Daina Kojelis dated October 31, 2007, ¶ 3, a copy of which is attached hereto).

6. The Policy insured certain property against risk of direct physical loss or damage, subject to the terms, limitations, conditions, and exclusions set forth in said Policy. (Defendant's Answer, ¶ 11).

7. The Property was insured under the aforementioned Policy, against certain risk of direct physical loss or damage, subject to the terms, conditions, limitations and exclusions of said Policy. (Complaint, ¶ 11; admitted in part in Defendant's Answer).

8. The Property sustained a loss on December 21, 2004 as a result of pipes freezing and bursting ("Loss"). (Complaint, ¶ 12; admitted in Defendant's Answer).

9. Upon investigation and analysis of Plaintiff's claim, Maryland Casualty Company paid to or on behalf of Plaintiff the amount of $286,819.78 with regard to his claim for damages sustained to his building and many of the building's contents as a result of the Loss. (Affidavit of Daniel Sager, dated October 31, 2007, ¶ 22, a copy of which is attached hereto).

10. There are seven remaining pieces of equipment that Plaintiff claims were damaged as a result of the aforementioned Loss and for which Plaintiff seeks compensation.

These seven pieces of equipment include: two (2) ultrasound machines, three (3) suction machines, a Ritter Ultraclave Sterilizer and a Xerox copier. (Confirmed through discussions with Attorney Potter).

11. As a part of his breach of contract claims, Plaintiff is also making a claim for the cost associated with the storage of the seven pieces of equipment referenced above. (Confirmed through discussions with Attorney Potter).

12. MCC has demanded appraisal, pursuant to the terms of the Policy, with respect to the valuation of the seven outstanding pieces of equipment and associated storage fees. (Correspondence from Dennis Fox, Zurich American Insurance Company, dated October 30, 2007, attached hereto as Exhibit A).

13. As a part of Plaintiff's breach of contract claims, he also is making a claim for loss of rental income with regard to the Property. (Confirmed through discussions with Attorney Potter).

14. Plaintiff's claim for damages as alleged in Paragraph 16 of the Complaint is comprised solely of a claim for the replacement value of the seven (7) pieces of equipment noted in paragraph eleven above, the storage fees associated therewith, and the rental income claim noted in paragraph thirteen above. (Confirmed through discussions with Attorney Potter).

15. Plaintiff's claim for damages to his building has been paid in full pursuant to the terms, conditions, limitations and exclusions of the Policy. (Complaint, ¶ 15; admitted in part in Defendant's Answer; Confirmed through discussions with Attorney Potter).

16. Section III of the Business and Personal Property Coverage Form of the Policy, provides as follows:

III. ADDITIONAL COVERAGES

The following Additional Coverages apply only if they are indicated in the Declarations:

A. Business Income and Extra Expense -

We will pay for the actual loss of "business income" you sustain due to the necessary suspension of "operations" during the "period of restoration," but not to exceed 12 consecutive months. The suspension must be caused by direct physical loss of or damage to property at the "described premises," including personal property in the open, or in a vehicle, within 1000 feet, caused by or resulting from a Covered Cause of Loss.

* * *

(A Copy of the pertinent portion of the Building and Personal Property Coverage Form is attached hereto as Exhibit B; for the Court's convenience, a complete copy of the Policy is appended to Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment as Exhibit C).

17. Plaintiff retained Al Iacobbo of Michael Realty to determine the fair market rental value for the Property during the 2004-2005 period. (Correspondence from Al Iacobbo is attached hereto as Exhibit C).

18. For the 2004-2005 period, the fair market rental value of the Property was determined by Mr. Iacobbo to be approximately $86,400.00 per year, or $7,200.00 per month, if fully rented. (Exhibit C).

19. The Property was not rented out by Plaintiff at the time of the Loss, or at any time prior thereto. (Transcript of Plaintiff's Recorded Claims Statement, taken December 22, 2004, attached hereto as Exhibit D).

20. Prior to the Loss, Plaintiff had relocated his business (medical practice) to another office located at Two Dudley Street, Providence, Rhode Island, and was not seeing any patients at the Loss location in the two-month period prior to the Loss. (Exhibit D).

21. Prior to the Loss, cosmetic repairs were being made to the Property. (Exhibit D).

22. Plaintiff's partner advised him, prior to the loss, that he would be retiring from the medical practice. (Exhibit D).

23. Once the aforementioned cosmetic repairs to the subject Property were complete, Plaintiff intended either buy out his partner's share of the Property and relocate his medical practice back to the Property once the repairs were complete, or if it were not financially feasible for him to do so, to sell the Property. (Exhibit D).

MARYLAND CASUALTY COMPANY
(Improperly named as ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By Their Attorneys:

/s/ Dana M. Horton
Dana M. Horton, of
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: dhorton@rc.com
RI Bar No. 6251

Dated: November 1, 2007

**Certificate of Service**

I hereby certify that on November 1, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
mlepizzera@lldlawyers.com
RI Bar No. 4995
Christian Potter, Esq.
cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251