UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DR. BARRY SHAH,
Plaintiff,

v.

C.A. No. 07-016 ML

MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS,
Defendants.

**AFFIDAVIT OF DANIEL SAGER**

I, Daniel Sager, affirm as follows:

1. I am currently self-employed as an independent insurance adjuster.

2. In or about December, 2004, I was employed as an insurance adjuster for GAB Robins North America, Inc.

3. Through my position with GAB Robins, I am familiar with the captioned matter and the loss that occurred on December 21, 2004 (hereinafter "Loss") at the property located at 386 Atwells Avenue, Providence, Rhode Island (hereinafter "Property").

4. I performed several physical inspections of the Property after the Loss occurred and prepared a building estimate of damages.

5. As a part of my investigation, I also reviewed and analyzed Dr. Shah's presentation of damages, including the damages he allegedly sustained to the building, its contents and lost business income.

6. As a part of my investigation into the validity of Dr. Shah's claims of damage, I spoke with Dr. Shah directly.

7. Dr. Shah informed me that the Property was unoccupied for nearly three months prior to the loss.

8. Dr. Shah informed me that he had been using a second location for his practice since at least late October, 2004, as he was having renovations done to the Property.

9. Richard Aube, the Public Adjuster representing Dr. Shah, informed me that Dr. Shah intended to make a claim for lost rental income. As a part of his client's claim, Mr. Aube sent me a written communication on or about February 14, 2005 wherein he provided a statement from Al Iacobbo of Michael Realty establishing a fair rental value relating to lost Business Income for the Property.

10. I verified through my investigation and discussion with Dr. Shah and his Public Adjuster that Dr. Shah did not sustain any loss of business income relative to the Property, nor did he sustain a loss of rental income from that Property, stemming from the December 21, 2004 incident.

11. At the time of the loss, Dr. Shah had relocated substantially his entire practice to another location. He was not seeing patients at the Property.

12. The remaining equipment left behind at the Property appeared to me to be old, unused and out of date. It was evident that Dr. Shah was not using these pieces of equipment as a part of his medical Practice as of the time of the Loss.

13. Dr. Shah gave a recorded statement to William Brady of GAB Robins North America, Inc. on February 1, 2005. Dr. Shah explained that prior to the Loss, the Property was undergoing renovations and repairs. When these renovations and repairs were finished, his intent was to either buy out his partner's interest in said Property if he could afford to do so and relocate his medical practice back to that building, or else he would sell the Property.

14. Dr. Shah had no intent to rent out the Property.

15. Prior to the Loss, Dr. Shah had never rented out the Property to the best of my knowledge.

16. With regard to Dr. Shah's claim of lost rental income, I previously asked Richard Aube to supply a history of occupancy, copies of the previous leases relative to the Property, copies of financial statements, or other verifiable data and/or documentation to support Dr. Shah's claim and to demonstrate his future intentions with regard to the Property.

17. To date, neither Richard Aube nor Dr. Shah have supplied any such documentation.

18. As a part of my investigation into this case, I reviewed the applicable insurance policy (hereinafter "Policy") relative to the Property. Said Policy is identified as policy number PAS 00223943.

19. There is no coverage for the loss of "rental value" under the Policy. Rather, the Policy provides coverage for Business Income in the amount of the "actual loss sustained."

20. In that: (1) the subject Property was vacant for nearly three months prior to the date of Loss, (2) prior to the date of Loss, Dr. Shah operated his medical practice from the Property (as opposed to renting out the Property), and (3) that Dr. Shah had no plan or intent to rent out the Property at the conclusion of the renovations, there was no "actual loss sustained."

21. As a part of Dr. Shah's civil action, I understand that he is seeking coverage for seven additional pieces of equipment that he claims were damaged as a result of the Loss. With regard to the continued storage of these items, neither I, nor anyone acting on Maryland Casualty Company's behalf, ever requested that Dr. Shah continue to store these items.

22. Upon investigation and analysis of Plaintiff's claim, Maryland Casualty Company paid to or on behalf of Plaintiff the amount of $286,819.78 with regard to his claim for damages sustained to his building and many of the building's contents as a result of the Loss.

*Signed under the pains and penalties of perjury this* 31 *day of October, 2007.*

Daniel Sager

My Commission expires 6/30/2011