**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DR. BARRY SHAH, Plaintiff, | : | |
| v. | : | C.A. No. 07-016 ML |
| MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS, Defendants. | : | |

**SUPPLEMENTAL AFFIDAVIT OF DANIEL SAGER**

I, Daniel Sager, affirm as follows:

1. I am currently self-employed as an independent insurance adjuster.

2. In or about December, 2004, I was employed as an insurance adjuster for GAB Robins North America, Inc.

3. Through my position with GAB Robins, I am familiar with the captioned matter and the loss that occurred on December 21, 2004 (hereinafter "Loss") at the property located at 386 Atwells Avenue, Providence, Rhode Island (hereinafter "Property").

4. I performed several physical inspections of the Property after the Loss occurred and prepared a building estimate of damages.

5. As a part of my investigation, I also reviewed and analyzed Dr. Shah's presentation of damages, including the damages he allegedly sustained to the building, its contents and lost business income.

6. As a part of my investigation into the validity of Dr. Shah's claims of damage, I spoke with Dr. Shah directly, as well as to his Public Adjuster, Richard Aube.

7. Richard Aube informed me that Dr. Shah intended to make a claim for lost rental income. As a part of his client's claim, Mr. Aube sent me a written communication on or about February 14, 2005 wherein he provided a statement from Al Iacobbo of Michael Realty establishing a fair rental value relating to lost business income for the Property.

8. I verified through my investigation and discussion with Dr. Shah and his Public Adjuster that Dr. Shah did not sustain any loss of business income relative to the Property, nor did he sustain a loss of rental income from that Property, stemming from the December 21, 2004 incident.

9. Although I demanded and requested any additional information from Mr. Aube pertaining to his claim that Dr. Shah sustained a loss of rental income and his belief that there was coverage for same, I never received any such information. No formal demand for loss of rental income was ever presented. It was not until Attorney Potter's May 28, 2007 letter that MCC understood Plaintiff was formally making a demand for lost rental income.

10. The only claims presented to Maryland Casualty Company by Dr. Shah, by and through Mr. Aube relative to the December 21, 2004 incident, were for damages to his building and contents.

11. At no time subsequent to the December 21, 2004 loss did Dr. Shah, Mr. Aube, his Attorneys or any other person working on his behalf or at his direction, submit any other claims to Maryland Casualty Company, for lost business income, business interruption, storage facility fees or any other claims.

12. At no time did Dr. Shah, Mr. Aube, his Attorneys, or any other person working on his behalf or at his direction indicate that subsequent to the Loss, Dr. Shah was left with no other

alternative than to continue his monthly lease of the suite located at 2 Dudley Street, Providence, Rhode Island.

13. The fact that the work to repair the damage to the building located at 386 Atwells Avenue, Providence, Rhode Island was not completed until more than a year later was not due to any delay and/or failure of the insurance company to act in a timely fashion with regard to Dr. Shah's claim.

14. The investigation and adjustment of this Loss was performed in a timely fashion.

15. At no time did Dr. Shah, Mr. Aube, his Attorneys or any other person working on his behalf or at his direction indicate to me that Dr. Shah was forced to vacate the suite that he leased at 2 Dudley Street, Providence, Rhode Island subsequent to the Loss. Similarly, at no time did Dr. Shah, Mr. Aube, his Attorneys or any other person working on his behalf or at his direction indicate to me that Dr. Shah was forced to enter into a new lease for a different suite at the property located at 2 Dudley Street, Providence, Rhode Island and that the new lease was a five (5) year commitment.

*Signed under the pains and penalties of perjury this 3RD day of Decemer, 2007.*

Daniel Sager

Sworn and subscribed before me on this 3RD day of December, 2007.

Notary Public
My commission expires: