**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DR. BARRY SHAH,<br>Plaintiff,<br><br>v.<br><br>MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS,<br>Defendants. | : | C.A. No. 07-016 ML |

**DEFENDANT'S REPLY/OBJECTION TO PLAINTIFF'S DESIGNATION OF UNDISPUTED FACTS**

Defendant has reviewed Plaintiff's designation of certain additional facts that he claims are not in dispute in this case. Defendant disputes the following paragraphs: 3, 4, 5, 6, 7, 8, 9, and 10.

**Paragraph 3:** *"Dr. Reza Shah and Dr. Barry Shah had decided to hire a company to perform the renovation based on Dr. Reza Shah's decision to retire. Once the renovation was completed, my intent was to give the landlord thirty (30) days notice and let the lease of the suite located at 2 Dudley Street, Providence, Rhode Island expire. Thereafter, my intent was to practice solely at my property located at 386 Atwells Avenue, Providence, Rhode Island."*

Defendant disputes this paragraph based on the recorded statement of Dr. Shah dated February 1, 2005. When asked "[D]id you have any intentions or any thoughts of, of selling that property?" (referring to the Property located at 386 Atwells Avenue, Providence, Rhode Island), Dr. Shah replied, "It was discussed between me and my partner, depending on the price that we would agree upon. And if it was financially, uh, feasible, I would purchase his share of the building and remain there. But if I could not afford it, in other words, we might have basically

put it for sale." *See* Exhibit A, p. 3, attached to Defendant's Motion for Partial Summary Judgment. Thereafter, Dr. Shah testified that "[A] real estate agent was supposed to see the building and give us some idea of what the market value of the building, on that very morning of the incident." *See id.*, p. 4.

**Paragraph 4:** *"As damage to the property was extensive, Dr. Shah was unable to reopen his medical practice in the building in January 2005 as he had intended. Dr. Shah was left with no other alternative than to continue his monthly lease of the suite located at 2 Dudley Street, Providence, Rhode Island."*

Defendant does not agree that Dr. Shah "was left with no other alternative than to continue his monthly lease of the suite located at 2 Dudley Street, Providence, Rhode Island." Whether Dr. Shah "had no other alternative" is a question of fact that should be left for the trier of fact to determine. This is information that was not previously presented to Defendant. See Supplemental Affidavit of Daniel Sager, at ¶ 12.

**Paragraph 5:** *"The work to repair the damage to the building located at 386 Atwells Avenue, Providence, Rhode Island was not completed until more than a year later. On or about April 30, 2005, due to the delays and the failure of the insurance company to act in a timely fashion, Dr. Shah was forced to vacate the suite that he leased at 2 Dudley Street, Providence, Rhode Island. As his Property was still not ready to be occupied, he was forced to enter into a new lease for a different suite at the property located at 2 Dudley Street, Providence, Rhode Island. The new lease was a five (5) year commitment."*

Defendant does not agree with the statements as alleged in paragraph five. Defendant does not agree that it failed to act in a timely fashion or that it delayed any course of events in

this case such that Dr. Shah was forced to vacate the suite he leased and enter into a new lease. *See* Affidavit of Daniel Sager, at ¶¶ 13-14.

**Paragraph 6:** *"After an extensive investigation of Dr. Shah's claim, Maryland Casualty Company paid the amount of $286,819.78 with respect to the loss that occurred on December 21, 2004. This meant that the loss was covered under the policy referenced above."*

Defendant does not agree with the content of Paragraph six, as phrased. As indicated in Defendant's Answer, Defendant admits that Maryland Casualty Company issued a policy of insurance to the Plaintiff that covered certain damages to property subject to the terms, conditions and exclusions contained in the Policy, which speaks for itself. Defendant Maryland Casualty Company also agrees that it compensated Dr. Shah for certain damage sustained to his building and contents after a claim was made under the Policy by Dr. Shah and an appropriate investigation was performed. *See* Defendant's Answer, ¶¶ 13 and 15.

**Paragraph 7:** *"As a result of the covered loss, Dr. Shah has incurred a major interruption in his medical practice. Further, Dr. Shah has incurred the following additional expenses: the cost of extending the lease and entering into a new five (5) year lease of the suite located at 2 Dudley Street, Providence, Rhode Island, the costs of additional utility costs from operating the property located at 2 Dudley Street, and the loss of business that resulted from Dr. Shah having to permanently move his practice from the property located at 386 Atwells Avenue, Providence, Rhode Island."*

Defendant does not agree that the Dr. Shah sustained the losses noted in this paragraph in that these losses have never been presented to Defendant Maryland Casualty Company. *See* Affidavit of Daniel Sager, at ¶¶ 11, 15.

**Paragraph 8:** *"As a result of the covered loss, Dr. Shah was unable to provide outpatient surgical services that were impossible to perform at the smaller suite that he leased at 2 Dudley Street, Providence, Rhode Island."*

Defendant does not agree with the facts alleged by way of paragraph eight in that these losses have never been previously presented to Defendant Maryland Casualty Company. *See* Affidavit of Daniel Sager, at ¶ 11.

**Paragraph 9:** *"As a result of the covered loss, Dr. Shah's gross revenues decreased from over $800,000 in the year 2004 to $486,090 in 2005 and $393,639 in 2006."*

Defendant does not agree with the facts alleged by way of paragraph eight in that these losses have never been previously presented to Defendant Maryland Casualty Company. *See* Affidavit of Daniel Sager, at ¶ 11.

**Paragraph 10:** *"At all time relevant to the investigation of the claim, Dr. Shah has fully complied with the terms and conditions of the policy and Dr. Shah has also fully cooperated with the defendant's investigation of the loss."*

Defendant does not agree with the facts alleged by way of paragraph eight in that these losses have never been previously presented to Defendant Maryland Casualty Company. *See* Affidavit of Daniel Sager, at ¶ 11. Accordingly, it cannot be said that Dr. Shah "has fully complied with the terms and conditions of the policy" and with Defendant's investigation of the Loss, where he has failed to timely, properly and adequately notify Defendant of the entire scope of his loss, pursuant to the terms, conditions, limitations and exclusions of the Policy. *See* Affidavit of Daniel Sager, at ¶¶ 11-12, 15.

MARYLAND CASUALTY COMPANY
(Improperly named as ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By Their Attorneys:

/s/ Dana M. Horton
Dana M. Horton, of
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: dhorton@rc.com
RI Bar No. 6251

Dated: December 3, 2007

## Certificate of Service

I hereby certify that on December 3, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
mlepizzera@lldlawyers.com
RI Bar No. 4995
Christian Potter, Esq.
cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251