UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DR. BARRY SHAH, Plaintiff, | |
| v. | C.A. No. 07-016 ML |
| MARYLAND CASUALTY COMPANY, ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS, Defendants. | |

**DEFENDANT MARYLAND CASUALTY COMPANY'S MOTION TO RE-OPEN DISCOVERY DEADLINES**

Defendant Maryland Casualty Company ("MCC") hereby respectfully moves this Honorable Court to re-open the Court's discovery deadlines, as set forth in the Court's Pretrial Order dated April 6, 2007.

1. This case involves a water loss ("Loss") that occurred at property located at 386 Atwells Avenue, Providence, Rhode Island ("Property") on or about December 21, 2004.

2. Upon notification and presentment of Plaintiff's claim, which included a claim for damage to his building and contents, Defendant investigated and analyzed Plaintiff's claim. Upon completion of its investigation, Defendant paid Plaintiff in excess of $286,000.00 relative to his claim for damages to the building and contents.

3. Notwithstanding the foregoing, Plaintiff filed suit in or about December, 2006 in the Providence County Superior Court.

4. Thereafter, Defendant removed this action to the United States District Court for the District of Rhode Island.

5. By way of the Court's Pretrial Order, discovery was to be completed by October 5, 2007.

6. Upon receipt and review of Plaintiff's Complaint, the undersigned asked Plaintiff to specify the full nature and extent of his claim for damages, as alleged in his Complaint. In that Defendant had paid Plaintiff in excess of $286,000.00 pursuant to his Policy of insurance as a result of the Loss at the Property, and was unaware of any outstanding claims, Defendant asked Plaintiff to detail the scope of his claims and allegations.

7. Plaintiff, through Counsel, agreed to supply Defendant with a "letter outlining all of the issues that need to be resolved and specifically listing the equipment that still needs to be replaced and the loss of income that has to be addressed." *See* Exhibit A, attached to Defendant's Reply Brief, E-mail Correspondence from Christian Potter to Dana M. Horton, dated May 30, 2007.

8. By way of letter dated May 28, 2007, Plaintiff identified the scope of his loss as including damages for seven (7) pieces of equipment and a claim for loss of potential rental income at the Property. *See* Exhibit B, attached to Defendant's Reply Brief.

9. A Settlement Conference was held before the Honorable Magistrate Robert A. Lovegreen on June 26, 2007. During said Conference, Plaintiff's explanation of damages was in accordance with those set forth in his letter of May 28, 2007.

10. Based upon Plaintiff's representations, clarifications and characterizations of his claims, as alleged in his Complaint, Defendant did not engage in any formal discovery in that it had already undertaken a review, investigation and evaluation of the seven (7) pieces of

equipment, and it concluded that there was no coverage for loss of rental income as alleged and demanded by Plaintiff.[1]

11. Accordingly, Defendant demanded Appraisal with respect to the seven (7) pieces of equipment, and moved for partial summary judgment as to the loss of rental income claim, as well as several other collateral issues.[2]

12. At no time prior to filing his Objection to Defendant's Motion for Partial Summary Judgment did Plaintiff identify or present any claim to Defendant relative to loss of business income, business interruption or any other claims, other than those indicated in the May 28, 2007 letter.

13. In his Objection to Defendant's Motion for Partial Summary Judgment,[3] Plaintiff has attempted to disclose several new claims of damages that were not previously presented to Defendant, at any time prior to or during the pending litigation. These include loss of business income and business interruption, additional expenses such as utility bills, cost of extending his lease of the suite located at 2 Dudley Street, Providence, Rhode Island, and alleged loss of business that resulted from having to move his practice from the Property.

14. Based upon Plaintiff's presentation and summary of his claim to date, Defendant urges this Honorable Court to grant its Motion for Partial Summary Judgment. However, to the extent that the Court does not grant Defendant's Motion for Partial Summary Judgment, Defendant will require additional time to engage in discovery of the new claims only recently disclosed by Plaintiff. Had Plaintiff identified in his May 28, 2007 letter, which was written

---

[1] Notably, Plaintiff acknowledged in his Objection to the Motion for Summary Judgment that he is <u>not</u> entitled to the loss of rental income allegedly sustained at the Property. *See* Objection, p. 12.

[2] Although "storage costs" are alleged in the Complaint, ¶ 16, they were not noted in Plaintiff's May 28, 2007 letter. Nonetheless, the parties have agreed to submit the reasonable cost of storage of the seven (7) pieces of equipment to Appraisal as well. To date, however, Plaintiffs have not provided any evidence of storage fees incurred to date, or records of payments made therefor.

[3] Plaintiff also agrees, by way of his Objection, to dismiss Counts Two, Three, Five, Six, Eight, Nine, Ten, Eleven and Twelve of his Complaint. Accordingly, the only remaining counts are One, Four and Seven.

more than four (4) months *prior to* the expiration of the discovery deadline, or at any time prior to the close of discovery, that he was now also intending on making claims for lost business income and business interruption, as well as the other additional claims noted in his Objection, separate and apart from the claim of lost rental income, Defendant would have taken steps to further delineate the scope of Plaintiff's claim, so as to understand the nature and scope of said claim and to investigate said claim, whether by way of deposition, written discovery, Examination Under Oath, or some combination thereof.

15. To the extent that Plaintiff is now, nearly three (3) years after the date of loss, presenting new claims for damages to Defendant, and if Plaintiff is permitted to do so, Defendant must specifically request additional time to investigate such claims, which will likely include an opportunity to engage in written discovery, conduct depositions and arrange for an expert's review, as needed.

16. As such, to the extent that this Honorable Court is not inclined to grant Defendant's Motion for Partial Summary Judgment, Defendant respectfully moves that this Honorable Court re-open the discovery deadlines, so as to allow Defendant an opportunity to investigate Plaintiff's newly identified claims of damage.

17. In addition, Defendant must respectfully reserve the right, upon proper and full presentation of Plaintiff's new claims of damages and investigation of same, to amend its Answer and Affirmative Defenses, as there may be certain additional defenses that will need to be raised in this case.

MARYLAND CASUALTY COMPANY
(Improperly named as ZURICH-AMERICAN INSURANCE COMPANY AND ZURICH-AMERICAN INSURANCE COMPANY OF ILLINOIS)

By Their Attorneys:

/s/ Dana M. Horton
Dana M. Horton, of
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: dhorton@rc.com
RI Bar No. 6251

Dated: December 3, 2007

**Certificate of Service**

I hereby certify that on December 3, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

Michael J. Lepizzera, Jr., Esq.
mlepizzera@lldlawyers.com
RI Bar No. 4995
Christian Potter, Esq.
cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., Suite 102
Warwick, RI 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

/s/ Dana M. Horton
Dana M. Horton, Esq.
RI Bar No. 6251