UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

Dr. Barry Shah
Plaintiff

vs. C.A. No.: 07-016 ML

Maryland Casualty Company;
Zurich-American Insurance Company; and
Zurich-American Insurance Company
of Illinois

Defendants

---

**PLAINTIFF'S REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the plaintiff, Dr. Barry Shah (hereinafter "plaintiff" or "Dr. Shah") and hereby submits the following reply to the defendant's reply to the plaintiff's objection to the defendant's motion for partial summary judgment.

III. Argument:

**A. THE DEFENDANT REPLY SHOULD BE STRIKEN AS IT IS BASED ON EVIDENCE THAT IS IN VIOLATION OF RULE 408.**

The defendant has presented to this Court a reply in response to the objection to its motion for partial summary judgment that was filed by the plaintiff Dr. Shah. In support of reply, the defendant has submitted two exhibits, one containing emails and the other containing a letter, both of which were generated in furtherance of the parties' attempt to settle this matter. The defendant has proffered these exhibits and statements in support of its motion for summary judgment. This is in violation of the Federal Rules of Evidence and this Honorable Court should strike the defendant's reply.

*Federal Rule of Evidence Rule 408 Compromise and Offers to Compromise* states in pertinent part:

> (a) Prohibited uses. --Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, **is not admissible to prove liability for or invalidity of the claim or its amount**. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Settlement negotiations and agreements are not admissible to prove liability for or the invalidity of a disputed claim. *Fed.R.Evid. 408(a)*. In certain circumstances, such documents can be presented to the court; however, they cannot be used to support a motion for summary judgment. *Id*.

In its reply, the defendant has proffered several documents and statements that were drafted and/or made in an effort to settle this matter. First, the defendant has proffered Exhibit "B" which is a letter from Attorney Christian C. Potter to Attorney Dana Horton dated May 28, 2007. One must only look at the first paragraph of this letter to see that it was drafted and sent to Ms. Horton is furtherance of settling this matter. The first paragraph states

> "[p]ursuant to our telephone conversations and **in furtherance of attempting to settle this matter**, please accept this letter as my client's list of outstanding damages in the above-referenced matter. **Please note that this letter is to be used for settlement purposes only."** (emphasis added)

Second, the defendant has proffered a series of emails as Exhibit "A" that were sent between Attorney Christian C. Potter and Attorney Dana Horton. These emails were also generated in anticipation of the settlement conference and in anticipation of attempting to settle this matter. The first email of the series, originated by Attorney Dana

Horton, clearly shows that it was sent in anticipation of the scheduled settlement conference in this matter. This email states:

> "[a]s you know, we were recently notified by the court that there will be a settlement conference before Judge Lovegreen on June 13, 2007. To date, we have not yet received your client's list of items he claims should be covered under the policy. Please advise when you anticipate supplying us with a copy of the said list. I'm sure my client will need some time to review and evaluate each of the items identified by your client and I want to be sure they have ample time to do so prior to the hearing so that **we can have meaningful settlement negotiations**. (emphasis added).

It is undisputed that the documents contained within Exhibit "A" and Exhibit "B" were drafted and sent to the defendant in anticipation of the settlement conference in this matter and in furtherance of attempting to settle this matter. As such, they are not admissible to prove liability for or to dispute the validity of the plaintiff's claim. *Fed.R.Evid. 408(a)*. The defendant is attempting to use these exhibits for this very purpose; the purpose of supporting its motion for partial summary judgment. Simply put, this is not allowed; and thus, this Honorable Court should strike the Defendant's reply.

**B. THE DEFENDANT HAS BEEN PLACED ON NOTICE OF THE PLAINTIFF'S CLAIMS.**

The defendant argues in its reply that the plaintiff has never placed the defendant on notice that he had a claim for loss of business income or interruption of his medical practice. This statement is simply untrue. One must only look at the complaint in this matter to conclude that the defendant has been on notice of the plaintiff's claims. In the complaint, Dr. Shah has alleged the following two paragraphs:

> *12. Dr Shah suffered a loss at the property on December 21, 2004 as a result of pipes freezing and bursting in the midst of a cold winter night. The building located on the property sustained heavy water damage resulting in significant property damage to the building and the contents therein.*

> ***Dr. Shah was unable to operate a medical practice as a result of this water damage loss****. (emphasis added)*
>
> *13. The policy issued by the Defendants covered the December 21, 2004 loss sustained by Dr. Shah including but not limited to the structural damage to the building, the damage to the property and contents located on the premises****, loss of income and the interruption of Dr. Shah's business****.(emphasis added)*

*See Plaintiff's Complaint at pg 3.*

It is very clear that the plaintiff outlined his claims against the defendant. The fact that the defendant failed to conduct discovery on these issues should not be blamed on the action or the alleged lack of action of plaintiff. It is also very clear that based on the documents filed by both parties in support of their respective arguments that there is a genuine issue of material fact in dispute and that this matter in not one that can be determined by a summary judgment motion.

Based on the above and the previously filed memorandum in support of his objection to the defendant's motion for partial summary judgment, the plaintiff respectfully requests that this Honorable Court deny the defendant's motion for partial summary judgment.

Plaintiff, Dr. Barry Shah
By and through his Counsel
/s/ Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. #4995
Mlepizzera@lldlawyers.com
/s/ Christian C. Potter
Christian C. Potter, #5359
Cpotter@lldlawyers.com
Lepizzera & Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397 (Telephone)
(401) 384-6950 (Facsimile)

## CERTIFICATION

I certify that on this 10th day of December, 2007 a true and accurate copy of the within was filed electronically and it is available for viewing and downloading from the ECF System. Further I certify that that the undersigned were served with a copy of said motion electronically:

Dana Horton #6251
dhorton@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8295 (Telephone)
(860) 275-8299 (Facsimile)

/s/ Christian C. Potter