UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DR. BARRY SHAH,
Plaintiff,

v. C.A. No. 07-016ML

MARYLAND CASUALTY COMPANY,
Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, Dr. Barry Shah, filed a complaint in the Rhode Island Superior Court alleging breach of contract, breach of the duty of good faith and fair dealing, violation of R.I. Gen. Laws § 9-1-33, and violation of R.I. Gen. Laws § 9-1-45 against Maryland Casualty Company, Zurich-American Insurance Company, and Zurich-American Insurance Company of Illinois. Defendants removed to this Court on the grounds of diversity jurisdiction. Plaintiff subsequently dropped the claims against Zurich-American Insurance Company and Zurich-American Insurance Company of Illinois and the allegation of a violation of R.I. Gen Laws § 9-1-45. The remaining Defendant, Maryland Casualty Company, moved for partial summary judgment on Plaintiff's claims with regard to loss of income and interruption of medical practice. For the reasons set forth below, Defendant's motion for partial summary judgment is GRANTED.

## I. Background

Plaintiff is a physician who is engaged in private medical practice. In 2004, Plaintiff and his partner owned a property at 386 Atwells Avenue, Providence, Rhode Island ("the Property") and rented a property at 2 Dudley Street, Providence, Rhode Island ("the Rental Property"). (Shah Affidavit ¶¶ 3, 4, 5.) In October 2004, Plaintiff hired a company to renovate the Property. (Id. ¶¶ 8, 10.) The renovations became so much of an inconvenience to patients, however, that on October 11, 2004, Plaintiff stopped seeing patients at the Property and saw patients only at the Rental Property. (Pl.'s Statement of Disputed and Undisputed Material Facts; Def.'s Statement of Material Facts Not in Dispute ¶ 20.) On December 21, 2004, while the renovations continued, the pipes in the Property froze and burst, damaging the Property's structure and contents. (See Def.'s Statement of Material Facts Not in Dispute ¶¶ 8, 9.)

Defendant is licensed by the state of Rhode Island to conduct business in the state as a property and casualty insurance company. (Id. ¶ 2.) Prior to December 21, 2004, Defendant issued a Commercial General Liability and Building and Personal Property Policy to Plaintiff, with effective dates of November 1, 2004 through November 1, 2005 ("Policy"). (Id. ¶ 5.) This Policy covered the Property. (Id. ¶ 7.) Defendant investigated Plaintiff's claim for losses due to the pipes bursting and ultimately paid Plaintiff $286,819.78 for damages sustained to the structure and contents of the Property. (Id. ¶ 9.) Plaintiff filed this suit in December, 2006.

## II. Analysis

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational factfinder could resolve the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). The moving party bears the burden of showing the Court that no genuine issue of material fact exists. Id. Once the movant has made the requisite showing, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). The court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Cont'l Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991).

Rhode Island law applies to the substantive issues because this case was brought under federal diversity jurisdiction. See Phoung Luc v. Wyndham Management Corp., 496 F.3d 85, 88 (1st Cir. 2007). In this case, neither party disputes that the contract in the form of the Policy is a valid, binding contract. In the event of a loss, the Policy imposed a duty on Plaintiff to give Defendant notice: "b. Give us prompt notice of the loss or damage. Include a description of the property involved. c. As soon as possible, give us a description of how, when and where the loss or damage occurred." (Def.'s Mot. for Partial Summ. J. Ex. C 19.) Here, Plaintiff fails to provide evidence that he *ever* notified Defendant before filing this lawsuit about a loss of business income and an interruption of his business.

Plaintiff argues that his notice to Defendant of a claimed loss of rental income was also notice of loss of business income and interruption of business. Despite

Plaintiff's vigorous arguments to the contrary, however, Plaintiff's alleged loss of rental income is not loss of business income or interruption of his medical practice.[1] Indeed, Plaintiff's own submissions make the distinction unmistakable. In support of his claim for loss of rental income, Plaintiff hired an appraiser to assess the fair market rental value of the Property and had the appraisal sent to Defendant. The loss of rental income, therefore, is clearly a claim for the lost rents Plaintiff could have received from renting out the Property. In contrast, Plaintiff asserts in his briefs that his loss of business income and interruption of business claims primarily stem from the fact that he could not perform certain procedures in the Rental Property that he could perform at the Property.[2] The difference is not just a question of "semantics," as Plaintiff argues, but based on entirely different sources of income. (See Pl.'s Objection to Def.'s Mot. for Partial Summ. J. 9.) Moreover, the distinction matters under the Policy contract because it requires that Plaintiff give a detailed "description" of the loss. (Def.'s Mot. for Partial Summ. J. Ex. C 19.)

As a final argument, Plaintiff offers his Complaint, which states: "Dr. Shah was unable to operate a medical practice as a result of this water damage loss" and "The policy issued by the Defendants covered … loss of income and the interruption of Dr. Shah's business." (Pl.'s Reply to Def.'s Reply to Pl.'s Objection to Mot. for Summ. J. 3-4.) Plaintiff's reliance on these statements is unavailing, not to mention mystifying. The Complaint nowhere asserts that Plaintiff gave Defendant notice. Moreover, an assertion to that effect would fail to withstand summary judgment unless backed by some

---

[1] A company engaged in the business of renting would be an exception to this rule. Plaintiff, however, has presented no evidence that his business was a rental business.

[2] Plaintiff also alleges that he lost income due to additional rental costs and the loss of business that resulted from moving his practice from the Property.

admissible evidence, even if it were only Plaintiff's affidavit. See Fed. R. Civ. P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."). Plaintiff does not point to any such admissible evidence.

Plaintiff cannot argue that the Complaint itself is notice to the Defendants, at least for the instant suit. In the Complaint, Plaintiff alleges breach of contract. Obviously, Plaintiff cannot claim that he notified Defendant in the same filing in which he sues Defendant for failing to act on that notice.

In accordance with the contract and simple logic, Defendant is not in breach for failing to act on a claim which Defendant never received. Defendant had no duty to unilaterally divine and investigate Plaintiff's losses. Rather, under the contract, Plaintiff first had to notify Defendant.

Having determined that Defendant has not breached the contract, it follows that Defendant has not breached its duty of good faith and fair dealing with regard to loss of business income and interruption of business. See Dovenmuehle Mortg., Inc. v. Antonelli, 790 A.2d 1113, 1115 (R.I. 2002) (holding that when defendant did not breach the contract, neither did defendant breach its duty of good faith implied in that contract). Under Rhode Island law, the duty of good faith and fair dealing is implied in virtually all contracts, including insurance contracts. A. A. A. Pool Serv. & Supply, Inc. v. Aetna Cas. & Sur. Co., 395 A.2d 724, 725 (R.I. 1978). An insurer violates the covenant of good faith and fair dealing by "unfairly and without good cause withholding payment of a

claim." Id. Here, Plaintiff cannot claim that Defendant has unfairly withheld payment because Plaintiff did not first give notice as required under the contract.

R.I. Gen. Laws § 9-1-33 makes an insurer liable for refusing to pay a claim in bad faith. Before the Court can even consider a bad-faith claim, however, a plaintiff "'must prove that the insurer breached its obligation under the insurance contract.'" Lamoureaux v. Merrimack Mut. Fire Ins. Co., 751 A.2d 1290, 1293 (R.I. 2000). Again, because Defendant has not breached the contract on loss of business and interruption of business, Plaintiff cannot succeed on his statutory claim under section 9-1-33.

For the reasons stated herein, Defendant's motion for partial summary judgment is granted.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
February 26, 2008